IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ISHMAEL K. WHITAKER, | : |
| Petitioner, | : |
| v. | : Case No. 4:24-cv-165-CDL-AGH |
| Sheriff GREG COUNTRYMAN, | : |
| Respondent. | : |

## ORDER

Petitioner Ishmael K. Whitaker, who was being held in the Muscogee County Jail in Columbus, Georgia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) but did not pay the $5.00 filing fee or move to proceed *in forma pauperis* ("IFP"). As a result, Petitioner was ordered to either pay the $5.00 filing fee or move to proceed IFP within fourteen days, and he was cautioned that failure to do so could result in dismissal of this action (ECF No. 3).

More than fourteen days have passed, and Petitioner has not paid the filing fee or moved to proceed IFP. Instead, Petitioner filed a notice of change of address, indicating that he has been moved to the Appling Correctional Institution in Baxley, Georgia, that the facility will not provide him with any of his legal materials, and that it does not have a law library or copy machine (ECF Nos. 4, 5). Petitioner also moves the Court to "put everything on hold" in his pending cases. Mot. to Stay Case, ECF No. 5.

To the extent that Petitioner is seeking an indefinite stay in this case, he has

not set forth grounds to warrant such a stay, stating only that he does not have any of his legal materials to continue this case. *Id.* But at this point, Petitioner is only required to either pay the filing fee or move to proceed IFP. Thus, at this stage, no legal materials are required for Petitioner to move this case forward. Petitioner's motion to stay (ECF No. 5) is **DENIED**.

Nevertheless, the Court also construes Petitioner's motion as a motion for an extension of time to pay the filing fee or move to proceed IFP, and that extension is **GRANTED**. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to either pay the $5.00 filing fee or file a proper and complete motion to proceed *in forma pauperis*.

The Clerk will provide Petitioner with the forms for a motion to proceed IFP. If he is seeking leave to proceed without the prepayment of the filing fee, Petitioner must completely fill out his portion of this documentation. Petitioner is also required to have a jail official complete the certified account statement portion of the form which must include a copy of his account transactions for the six months before he filed his petition. If Petitioner wishes to proceed IFP, he must submit that documentation to the Court.

Because Petitioner asserts that he has had difficulty obtaining certain items from the jail, Petitioner is directed to show this Order to the proper official when he requests documentation for a motion to proceed *in forma pauperis*. If Petitioner is unable to get this documentation, or if Petitioner attempts to pay the filing fee and is

unable to do so due to the refusal of facility officials, he must provide the Court with written notice regarding any attempts he has made to comply with this order. Such notice must include the name of any person he spoke to, the date or dates when he spoke to them, what requests he made, and what response he received. If Petitioner receives written notice in response to his request, he must submit a copy of such notice to this Court. Petitioner's failure to fully and timely comply with this order will likely result in the dismissal of this case.

The Clerk of Court is **DIRECTED** to forward Petitioner a blank motion to proceed *in forma pauperis* with the appropriate account certification form along with a service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED**, this 27th day of January, 2025.

                                  s/ *Amelia G. Helmick*
                                  UNITED STATES MAGISTRATE JUDGE