IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ISHMAEL K. WHITAKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 4:24-cv-165-CDL-AGH |
| | : | |
| Sheriff GREG COUNTRYMAN, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER & RECOMMENDATION OF DISMISSAL**

Petitioner Ishmael K. Whitaker, a detainee at Muscogee County Jail in Columbus, Georgia, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1). He did not pay the $5.00 filing fee or move for leave to proceed *in forma pauperis* ("IFP"). Petitioner was therefore ordered to either pay the filing fee or move to proceed IFP within fourteen days, and he was cautioned that his failure to do so could result in dismissal of this action (ECF No. 3).

Petitioner did not pay the filing fee or move for leave to proceed IFP. Instead, Petitioner filed a notice of change of address, indicating that he had been moved to the Appling Correctional Institution in Baxley, Georgia (ECF No. 4). In connection with the change of address, Petitioner indicated that the facility would not provide him with any of his legal materials and that it did not have a law library or copy machine (ECF No. 5). Thus, he asked the Court to "put everything on hold" in his pending cases. *Id.*

To the extent that Petitioner was seeking an indefinite stay of this case, the motion was denied. Order 2, Jan. 27, 2025, ECF No. 6. Nevertheless, the Court also construed the motion as seeking an extension of time to pay the filing fee or move for leave to proceed IFP, and that extension was granted. *Id.* Petitioner was given an additional fourteen days to either pay the $5.00 filing fee or file a proper and complete motion to proceed IFP. *Id.*

Petitioner subsequently filed a motion asking that any stay order be lifted and that his cases be restarted because he has been moved back to the Muscogee County Jail.[1] Mot. to Change Venue, ECF No. 9. As discussed above, the Court never entered a stay. Therefore, Petitioner's motion (ECF No. 9) is **DENIED** as moot.

Petitioner also filed motions to proceed IFP, which show that he is unable to pay the $5.00 filing fee for this petition (ECF Nos. 7, 12). These motions are **GRANTED**. However, as discussed below, it is **RECOMMENDED** that Petitioner's habeas petition be **DISMISSED WITHOUT PREJUDICE** because he has not exhausted available state remedies. It is also **RECOMMENDED** that a certificate of appealability ("COA") and any motion to proceed *in forma pauperis* on appeal be **DENIED**.

---

[1] In the same filing, Petitioner also moves for a transfer to another jail in relation to a different case that he filed. Mot. to Change Venue 1, ECF No. 9. Because Petitioner's other case was dismissed on February 6, 2025, the motion was denied as moot in that case. *See Whitaker v. Curry*, Case No. 4:25-cv-00036-CDL-AGH (M.D. Ga. Feb. 24, 2025), Order, ECF No. 8. Since the motion for a transfer relates to a different case, the motion (ECF No. 9) is **DENIED**.

## PRELIMINARY REVIEW OF THE PETITION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that the

> clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

R. 4 of Rules Governing § 2254 Cases.

A state prisoner cannot succeed on a petition for federal habeas relief without first exhausting his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845. "In general, a petitioner's federal claim shall not be deemed exhausted where the petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented.'" *Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007) (quoting 28 U.S.C. 2254(c)).

Failure to exhaust state remedies is a valid reason for dismissal under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653-54 (11th Cir. 2020). Although the exhaustion requirement is not jurisdictional, the Court can still *sua sponte* dismiss a § 2254 petition on a non-jurisdictional basis, so long as (1) the petitioner is

3

given "notice of its decision and an opportunity to be heard in opposition[,]" and (2) the respondent is given similar notice and an opportunity to waive that defense. *Id.* at 653, 655 (allowing *sua sponte* dismissal based on untimeliness because Report and Recommendation provided notice and opportunity to respond to both petitioner and respondent); *Anthony v. Page*, No. 5:24-cv-247-MTT-AGH, 2024 WL 4656261, at *2 (M.D. Ga. Oct. 1, 2024) (recommending dismissal of § 2254 petition for failure to exhaust), *report and recommendation adopted by* 2024 WL 4656177 (M.D. Ga. Nov. 1, 2024).

In this case, Petitioner asserts that he "appeal[ed]" the judgment by filing a motion for rehearing. Pet. 2, ECF No. 1. Elsewhere in the petition, Petitioner states that he filed the motion for rehearing in the Superior Court of Muscogee County which would not consider Petitioner's *pro se* motion because he was still represented by appointed counsel.[2] Pet. Attach. 2, at 1, ECF No. 1-2. Petitioner asserts that he had tried to discharge his appointed counsel, but the court denied the request at his revocation hearing. *Id.*

According to the petition, Petitioner did not appeal to the Georgia Court of Appeals or the Georgia Supreme Court, as he states that he did not seek review from a higher court after filing the motion for reconsideration. Pet. 2. Moreover, Petitioner asserts that he has not "filed any other petitions, applications, or motions

---

[2] It is unclear from the record what type of state criminal judgment Petitioner objects to—in fact, given that he still has counsel, it is unclear if that judgment is even final. Regardless, Petitioner clearly states on the face of his petition that he has not exhausted available state remedies.

4

concerning this judgment of conviction in state court." *Id.* at 3. Thus, he also did not file a state habeas corpus petition.

Because the petition shows that Petitioner has not sought review of his claims through a direct appeal or a state court habeas corpus petition, it "plainly appears" on the face of the petition that Petitioner has not exhausted available state remedies. R. 4 of Rules Governing § 2254 Cases. Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2254 petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

## COA AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order adverse to the applicant[,]" and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has not made these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a Certificate of Appealability. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed *in forma pauperis* on appeal also be **DENIED**.

## CONCLUSION

For the foregoing reasons, Petitioner's motions to proceed *in forma pauperis* (ECF Nos. 7, 12) are **GRANTED**. It is **RECOMMENDED** that Petitioner's § 2254 petition (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies and that any COA and motion to proceed *in forma pauperis* on appeal be **DENIED**.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Clerk is **DIRECTED** to notify Petitioner of this ruling by mailing him a copy of this Order and Recommendation of Dismissal. Pursuant to the memorandum of understanding with the Attorney General of the State of

6

Georgia, the Clerk is **DIRECTED** to serve a copy of the Petition (ECF No. 1), and this Order and Recommendation of Dismissal on the Attorney General and Respondent electronically through CM/ECF and they may, **but are not required to**, respond to the Order and Recommendation of Dismissal.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation of Dismissal. Any objection is limited in length to **TWENTY (20) PAGES**. See M.D. Ga. L.R. 7.4. Any party may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 14th day of April, 2025.

                                           s/ *Amelia G. Helmick*
                                           UNITED STATES MAGISTRATE JUDGE